JOHN L. JACKSON v. W. B. WELLS.

No. 2304.

**1. Civil Action for Assault—Exemplary Damages.**

One who commits an unprovoked and malicious assault upon the person of another, is liable to the latter for exemplary as well as actual damages.

**2. Same—Payment of Fine.**

In a civil action for an assault, the fact that the defendant has been, in a criminal proceeding, adjudged guilty of an assault, and has paid a fine and costs therefor, can be pleaded in mitigation of exemplary damages, but not in bar thereof.

**3. Same—Pleading—Statement of Separate Kinds of Damage—Practice.**

It is not reversible error, in a civil action for assault, for the court to overrule exceptions to the plaintiff's petition, because it fails to state the grounds for actual and exemplary damages separately, where the cause of action with reference to the claim for both kinds of damage is fully and clearly set out, and the amounts claimed for the two kinds of damage are separately stated in the petition, and submitted separately in the charge.

**4. Same—Evidence—Value of Time—Estimate.**

In a civil action for assault, plaintiff may give in evidence his estimate as to the value of the time lost by him while recovering from his injuries, accompanied by a statement of the facts upon which such estimate is based.

**5. Same—Evidence of Malice.**

In an action for actual and exemplary damages for an assault, evidence showing that plaintiff had hemorrhages of the lungs some time prior to the assault, and was weak and feeble at the time it was committed, is admissible, where accompanied by evidence from which it could be inferred that defendant had knowledge of such facts.

**6. Same—Practice—Charge of Court.**

Where, on the trial of a civil action for assault, no element of justification appeared, it was not reversible error for the judge to inform plaintiff's counsel, in the absence of defendant's attorneys, that the court would not instruct on the issue of justification; nor was it error to charge the jury to find actual damages for the plaintiff in such case.

**7. Same—Evidence of Injury—Res Gestæ.**

In a civil action for assault, it was not error to permit witnesses to testify that they were with the plaintiff soon after he was hurt, and heard him groaning and complaining, and that he seemed to be suffering a great deal.

**8. Same—Charge of Court—Mitigation.**

Where, in a civil action for assault, evidence had been admitted for the purpose of

mitigation, it was not error for the court to refuse to specify in the charge the facts of mitigation, and to instruct the jury that, if they found them to be true, they should consider them in mitigation of the damages.

**9. Same—Personal Examination by Jury.**

It was not error for the court, in a civil action for an assault, to permit the jury by means of their fingers to examine the scars upon the plaintiff's head caused by the blow from defendant's pistol.

APPEAL from Parker. Tried below before Hon. J. W. PATTERSON.

*George A. Mc Call*, for appellant.—1. In an action for damages for an assault and battery, no punitive damages are recoverable, because no man ought to be twice punished for the same offense, and because the plaintiff is entitled to compensation for damages done him,'and to nothing more. Fay v. Parker, 16 Am. Rep., 276; Boyer v. Barr, 30 Am. Rep., 814; Frieze v. Tripp, 70 Ill., 496; Stowe v. Haywood, 7 Allen, 118; Stovall v. Smith, 4 B. Mon., 378; Meidel v. Anthis, 71 Ill., 241; Lucas v. Flum, 35 Iowa, 379; Hendrickson v. Kingsbury, 21 Iowa, 379.

2. The rules of good pleading require that the grounds for punitive and actual damages should be separated. Wallace v. Finberg, 46 Texas, 35; Railway v. LeGierse, 51 Texas, 189; Moehring v. Fall, 66 Texas,. 240.

3. It was error for the court to allow the plaintiff to testify that his time was worth ten dollars per day, because the same was an opinion, and not facts, and, further, because the testimony had shown that he was. working on a salary of $75 per month, and the measure of his damages, for loss of time, was the amount of salary he lost by reason of his ab-- sence, if any. Railway v. Wesch, 85 Texas, 593; 1 Suth. on Dam., 794; Landrum v. Wells, 26 S. W. Rep., 1001.

4. The court ought always to hold the scales of justice evenly, and it was error to privately communicate to counsel for plaintiff, that he did not intend to charge upon justification, before he began his closing remarks.

*Harry W. Kuteman*, for appellee.—1. In an action for damages caused by an unprovoked and malicious assault and battery, exemplary damages can be recovered by the assaulted party. Shook v. Peters, 59 Texas, 393; Flanagan v. Womack and Perry, 54 Texas, 46; Borland v. Barrett, 76 Va., 128 (44 Am. Rep. 152); Corcoran v. Harran, 55 Wis., 120; Draper v. Baker, 61 Wis., 450 (50 Am. Rep., 143); Brown v. Evans, 17 Fed. Rep., 912; Wilson v. Middleton, 2 Cal., 54; Spear v. Sweeny, 60 N. W. Rep., 1060; Cansee v. Gruders, 4 Dev. & B. (N. C.), 246; Cook v. Ellis, 6 Hill (N. Y.), 466; Day v. Woodworth, 13 How. (U. S.), 363; Field on Damages, 122.

2. It was not error to permit witness to state that his time from October 13 to the end of the month was reasonably worth ten dollars per day. It was not an opinion but an estimate based on stated facts and subject to cross-examination. Railway v. Dunman, 85 Texas, 181; Railway v. Klaus, 64 Texas, 294; Pettus v. Dawson, 82 Texas, 21;.

Railway v. Ruby, 80 Texas, 175; Railway v. Locker, 78 Texas, 279; Railway v. Peay, 7 Texas Civ. App., 403; Railway v. Vancil, 2 Texas Civ. App., 428; 1 Suth. on Damages, secs. 687, 802; 3 Suth. on Damages, sec. 294; Heligman v. Rose, 81 Texas, 222.

3.   It was not error to permit the witnesses Sawtelle, Penn and Putman to testify that they were with plaintiff and heard him groaning and complaining and that he seemed to be suffering a great deal.   Knight v. Smith, 57 Vt., 529.

4.   There was no evidence whatever to support the theory of justification, and the court correctly instructed the jury to find actual damages.   Arts. 490, 575, Crim Code; Terrell v. State, 37 Texas, 442.

TARLTON, CHIEF JUSTICE.—This appeal is from a verdict and judgment in the sum of $1916.66, as actual damages, and the sum of $541.66, as exemplary damages, recovered by the appellee against the appellant on account of an assault and battery committed by the latter upon the former.

From the evidence we find the following conclusions of fact:

1.   On September 13, 1894, the defendant Jackson dealt the plaintiff· Wells a violent blow upon the head with a heavy pistol, thereby inflicting serious and painful injuries.

2.   The assault and battery was committed with malice.

3.   The consequent injuries were such as to justify the assessment of actual damages awarded by the jury.   The injuries were inflicted in such a manner and under such circumstances as to justify the assessment of exemplary damages awarded by the jury.

*Conclusions of Law.*—We find the following conclusions of law upon the assignments of error presented in the appellant's brief.

1.   It seems to be settled in this State, whatever may be the rule elsewhere, that one who commits an unprovoked and malicious assault and battery upon the person of another may be made responsible to the latter for exemplary as well as actual damages.   Flanagan v. Womack, 54 Texas; 46; Shook v. Peters, 59 Texas, 383.

2.   The fact that the defendant had been adjudged guilty of an aggravated assault and had paid his fine and the incidental costs, can be pleaded in mitigation of exemplary damages, but not in bar thereof. See the authorities above cited.

3.   The action of the court in overruling the second and third special exceptions to the petition, for the alleged reason that it fails to state the ground for actual and exemplary damages separately, furnishes no cause of serious complaint.   The petition states the plaintiff's cause of action with sufficient fullness and clearness to apprise the defendant quite distinctly of what he would be called upon to answer, both with reference to the claim for actual and for exemplary damages.   The amounts for the two kinds of damage were stated separately in the petition, and submitted separately in the charge.

4. With reference to the value of the time lost by him while disabled on account of the injuries, received, the plaintiff testified: "It would be very hard for me to say what my time was worth. At that season of the year it was worth more than any other to me. My salary at that time was $75 per month. I think my time at that season of the year was reasonably worth $10 per day. I was then working for Porter & Sawtelle, but I was also collecting the old accounts of Wells, Everett & Sawtelle. I was a member of the old firm of Wells, Everett & Sawtelle, and this firm sold out to Porter & Sawtelle. At the time the old accounts of Wells, Everett & Sawtelle belonged to Mr. Sawtelle and myself, and I was trying to collect these old accounts. That was the best season in this country for collection."

We think the court properly permitted the witness to state his estimate of the value of his time, together with the attendant facts and circumstances detailed by him. This statement was not a mere opinion, but an estimate, accompanied by a statement of the facts and reasons on which it was based. Railway v. Donovan, 86 Texas, 378; Railway v. Dunman, 85 Texas, 181; Railway v. Klaus, 64 Texas, 294; Railway v. Ruby, 80 Texas, 175; Railway v. Locker, 78 Texas, 279.

5. The court correctly admitted evidence showing that about a year and a half before the difficulty, Wells had three hemorrhages from the lungs; that he had lung trouble, and that he was weak and feeble from this lung trouble at the time of the assault. This testimony was accompanied by evidence from which the fact could be inferred by the jury that the plaintiff knew of the hemorrhages and the consequent weak health of the appellee. Thus, the latter testified: "At the time this lick was struck me I was very weak, and my general health was bad. I had had several hemorrhages, and had very little strength, and could not stand severe exercise. I had had three hemorrhages, and had lost a great deal of blood, which made me very weak. I was threatened with consumption; my right lung was involved. I cannot say that the defendant knew the condition of my health at that time, but he lived right here in the town, and he knew me well. When I was sick with these hemorrhages Mr. Jackson was here in the town, and a great many people visited me during my sickness. Mr. Jackson's office was about 300 yards from my residence, and he saw me almost daily after I got up."

6. The defendant cannot complain that the judge informed plaintiff's counsel, in the absence of appellant's attorney, that the court would not instruct the jury on the issue of justification. It seems from an explanation appended to the bill of exceptions that his Honor was in the habit of informing attorneys, when requested, what would be the scope of his instructions, and that in accordance with this custom the information was given in this instance. We fail to find in the record any element of justification in the appellant's conduct, and the court would probably have been justified in presuming that learned counsel for the defendant would recognize that fact.

7. The case of Knight v. Smythe, 57 Vt., 529, cited by appellee's

counsel, supports his proposition that it was not error "to permit the witnesses Sawtelle, Penn and Putnam to testify that they were with plaintiff soon after he was hurt, and heard him groaning and complaining, and that he seemed to be suffering a great deal."

8.　As in our opinion the evidence failed to raise the issue of justification in defendant's behalf, the court correctly instructed the jury to find actual damages for the plaintiff. We find it unnecessary to detail the evidence. Suffice it to say that, as we interpret the testimony, it wholly fails to justify the assault.

9.　We decline, under the facts of this case, to reverse the judgment because the court refused the oral request of the defendant's attorney to define malice, or to grant the written charge asked by the defendant to the effect that the jury would consider certain specified facts (if found by them to be true) in mitigation of damages. The facts in question had been admitted in evidence for the purpose of mitigation, and the court was not called upon to charge upon their weight, actual or possible.

10.　So, we are of opinion that the court properly declined to charge the jury that if Jackson struck Wells on sudden provocation, his act would not have been malicious, and they would not find punitive damages. The court had already instructed the jury that malice must exist, in order to justify a recovery for exemplary damages. The tendency of the charge requested would have been to cause the jury to ignore the testimony of Jackson himself (tr. 21), to the effect that he did not hit the plaintiff in a fit of angry passion, but that he did it for the purpose of getting his tickets (two cotton checks at the time in the hands of the plaintiff). These remarks apply also to the requested charge considered in our conclusion No. 9.

11.　The evidence was undisputed that the plaintiff's time during the period of his disability was of some value, and the court correctly charged that the jury in estimating his actual damages should consider the value of such lost time.

12.　There was no error in permitting the jury by means of their fingers to examine the scars upon the plaintiff's head caused by the blow from the pistol.

13.　The verdict is not excessive; and the judgment is in all things affirmed.

*Affirmed.*

Delivered April 18, 1896.

Writ of error denied.