**STEINKAMP et al. v. ERWIN et al.**

**No. 12422.**

Court of Civil Appeals of Texas. Galveston.

June 5, 1952.

Rehearing Denied June 26, 1952.

Joe J. Newman and Wiley B. Thomas, Jr., of Groveton, for appellants.

Musslewhite & Fenley and James A. Morris, of Lufkin, Hutson & Cauthen, of Groveton, R. C. Musslewhite, of Lufkin, of counsel, for appellees.

This action—to probate the alleged will of Mrs. Lizzie O. Kenley, deceased,—was brought by appellants, Carol Kenley Steinkamp, joined by her husband, William Steinkamp. The appellees, Jean Carol Erwin, a minor, through her guardian, R. E. Erwin, filed their contest to the application to probate the will, alleging as grounds therefor, a lack of testamentary capacity of the testatrix, and undue influence alleged to have been exerted by appellants.

The will was admitted to probate in the County Court of Trinity County, and appellees appealed from the judgment to the District Court of Trinity County.

On the trial in the District Court, a jury found, in answer to the one special issue submitted—as to the testamentary capacity of Mrs. Kenley—that she did not have testamentary capacity at the time she executed the instrument sought to be probated. Upon that verdict, the trial court rendered its judgment refusing to admit said instrument to probate as Mrs. Kenley's will and declaring the instrument to be invalid.

At the time of the execution of the instrument alleged to be Mrs. Kenley's will she was on furlough from the Rusk State Hospital for persons of unsound mind, at the home of her daughter in Groveton, Texas. She had been in mental institutions for some years prior to her death. She died in Rusk State Hospital on April 17, 1949.

Appellants, proponents of the alleged will in both courts below, have appealed from the judgment of the District Court of Trinity County, Texas.

They rely for reversal on three points of assigned error, in which they contend that the trial court erred in overruling their motions for an instructed verdict and for judgment non obstante veredicto, for the alleged reason that there was no evidence that could be considered by the jury in support of their answer; that testatrix did not have testamentary capacity to execute the alleged will at the time of its execution; and, that the court erred in permitting the witness R. O. Kenley to answer certain questions alleged to have been immaterial to any issue in the case and highly inflammatory.

At the time of her death, Mrs. Kenley was about 75 years of age. Attendants and nurses at the Rusk State Hospital where she had been a patient for some years, testified that during the time they attended her in such hospital, her mental condition had gradually grown worse, and that, in their opinion, she was a person of unsound mind.

Dr. J. S. Scarborough, a medical doctor in the field of psychiatry and Superintendent of the hospital, testified that he knew Mrs. Kenley and had observed and treated her during that time; that she was suffering from psychosis due to cerebral arteriosclerosis, and that, in his opinion, she was a

1014

person of unsound mind, and had been a person of unsound mind throughout the year 1944.

 It is the established rule in this State that, in determining whether an aged testator has sufficient mental capacity to make a valid will, the court should be controlled by testamentary acts connected with the execution of the will, the reasonableness of its provisions, and his ability to detail the nature and extent of his property, and to know the objects of his bounty.

In the instant case, the witnesses who were with Mrs. Kenley when she signed the alleged will, and who had known her during the time she was confined in the mental hospital, based their conclusion that she was not normal mentally at the time she signed the will, upon their association with her and upon personal observation of her actions and demeanor, at or near the time of the execution of the will.

Appellants' contention that the trial court erred in overruling their objection to testimony of Mr. R. O. Kenley,. must, we think, be overruled for the reason that the record shows that the matters inquired about—to which the objections were urged —had been opened and made an issue by appellants though they were in reference to irrelevant matters, prior to appellees' inquiries.

It is a well-established rule in this State that, where a party introduces evidence in regard to an irrelevant matter, the other party may inquire further of the witnesses concerning it. Further, it is well settled in this State that a judgment will not be reversed because of the admission of improper evidence where other evidence to the same effect was admitted without objections. Hart v. Harrell, Tex.Civ.App., 17 S.W. 2d 1093.

The questions objected to, while immaterial, were, we think, under the facts in the record, proper questions, since they concerned matters that had been placed in evidence without objection by appellants.

It is the established rule in this State that the admission of irrelevant and immaterial evidence is not ground for re-

versal, unless it may have influenced the result. 17 Tex. Juris. 350.

In the instant case there was, we think, sufficient evidence to justify the jury in finding that Mrs. Lizzie O. Kenley was a person of unsound mind at the time she executed the instrument sought to be probated, and that she did not have testamentary capacity to execute the instrument at that time.

We have carefully considered all points of error presented by contestants, and finding no reversible error, the judgment of the trial court must be in all things affirmed.