**Thomas DEVINEY and Ralph Sadler,
Appellants,**

**v.**

**Bessie Lee HENNEMAN, Appellee.**

**No. 7244.**

Court of Civil Appeals of Texas.

Amarillo.

March 25, 1963.

Merchant, Fitzjarrald, Poole & Merchant, Amarillo, for appellants.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellee.

NORTHCUTT, Justice.

This is an automobile collision case. The parties will be designated herein as they appeared in the trial court; that is, Thomas Deviney and Ralph Sadler as plaintiffs and Bessie Lee Henneman as defendant. This cause of action is based upon an automobile collision which occurred at the intersection of West Sixth Avenue and Tyler Street in the City of Amarillo on December 4, 1961. Mrs. Sadler and Mrs. Deviney were traveling north on Tyler Street and Mrs. Henneman was traveling east on Sixth Street. There were two cases originally filed; one for each of the above named plaintiffs but prior to the trial the same were consolidated by an order by the trial judge.

The jury found that the defendant ran a red light at the time and place in question; that said action was a proximate cause of the collision and found that the defendant failed to keep a proper lookout and that act was a proximate cause of the collision.

The jury found in answer to other special issues that the amount of damage sustained as a result of physical pain and suffering on the part of Mrs. Deviney was $25; that she would suffer no future pain; that her lost earnings to the date of the trial was $100; and that she would suffer no loss of earnings in the future.

The jury further found Mrs. Sadler had suffered pain and the amount of damage was $100; that she would suffer no pain in the future; that she had suffered no lost earnings; and that she would suffer no loss of earnings in the future; and found that the damage to the Sadler automobile was $225 and the jury found further that Mrs. Sadler, the driver of the car in which she and Mrs. Deviney were riding, failed to keep a proper lookout and that this was a proximate cause of the collision; that she failed to apply her brakes and same was a proximate cause of the collision.

The trial court entered judgment upon the verdict of the jury awarding $125 to the plaintiff, Thomas Deviney, and denied any recovery to the plaintiff, Ralph Sadler. From that judgment both plaintiffs perfected this appeal.

There is one thing concerning this appeal that we must consider. The judgment of the trial court recites as follows:

"It further appearing to the court that the defendant has satisfied said judg-

ment simultaneously with the entry hereof by paying said amount to the plaintiff, THOMAS DEVINEY, and his attorney and further that defendant has paid the cost of court herein taxed against her in the Deviney action. Therefore, let no execution issue in this respect."

The judgment does not state that the defendant paid into court the $125 as judged in favor of Deviney but showed was paid to Deviney and his attorney and was not objected to or denied in the record. So far as Deviney is concerned, the judgment has been satisfied and complied with by payment of the judgment and cost of suit and the questions involved become moot. Travis County v. Matthews, Tex.Civ.App., 221 S.W.2d 347; Hill v. James, Tex.Civ. App., 307 S.W.2d 619.

■ However, since Sadler is also a party to this appeal and the points of error concern both plaintiffs, we will consider the appeal as presented. The plaintiffs present this appeal upon two points of error contending the trial court erred in overruling plaintiffs' motion for new trial when the verdict showed beyond question that the answers to the special issues submitted to the jury were based solely on bias and prejudice and not supported by any evidence or alternatively insufficient evidence and because the amount of damage awarded was so inadequate and small that an injustice was done to the wives; that it shows the jury acted solely on bias and prejudice. If the evidence was insufficient or there was no evidence to support the answers of the jury to the special issues and the entire verdict was based on prejudice as contended by the plaintiffs, then there would be nothing to show any negligence on the part of the defendant or plaintiffs. If there was no evidence to show negligence on the part of the defendant, the plaintiffs failed in their proof.

If there is sufficient evidence to show negligence and proximate cause on the part of Mrs. Sadler in failing to keep a proper lookout and in failing to apply her brakes as found by the jury, then the case as to Sadler would have to be affirmed. Mrs. Sadler testified as follows:

"Q. Well, as you came up to this intersection, were there cars in front of you in your lane of traffic?

"A. Not in front of me.

"Q. And there was nothing to block your vision now, as you go into this intersection?

"A. No.

"Q. The best you can tell us is that when you were a couple of car lengths, this light changed green for you; is that right?

"A. Yes.

"Q. Now you said also that there was another car up there somewhere. Where was this other car?

"A. He was parked at the left-hand side of Van Buren, waiting for the light to turn—

"Q. And that car would have been to your left?

"A. Yes.

"Q. In the other lane of traffic?

"A. Yes.

"Q. So that car necessarily had to turn in front of Mrs. Henneman, didn't it?

"A. He made his left-hand turn.

"Q. I say, she wasn't in the intersection then, was she?

"A. I didn't see Mrs. Henneman until she hit me or just about.

"Q. Oh, I see. You never, then, saw the Henneman car until it hit you; is that correct?

"A. A short time before but not enough time to stop.

"Q. Well, you say a short time, how far was it from you; a foot or two?

"A. As I say, I tried to stop but the jar hit where I—

"Q. Well, as a matter of fact, Mrs. Sadler, Mrs. Henneman's car entered this intersection prior to the time your car ever got to the intersection, did it not?

"A. It was still a green light for me and a red light for her.

"Q. Listen to my question. I said, Mrs. Henneman's car had entered this intersection before you ever got in the intersection; isn't that true?

"A. No, not that I—I was well into the intersection before she entered it.

"Q. Isn't it a fact that Mrs. Henneman's car traveled clear across this intersection, clear across and your car got into the intersection about 10 or 12 feet; it just barely got into it, with your car being driven next to the curb on Van Buren; isn't that the way it happened?

"A. No. Mrs. Henneman was coming at a pretty fast speed because she—I had already checked as the fellow had turned to the left, I had looked and followed him and then I checked to the right and I checked a second time to see that I had the green light and I proceeded."

■ If the car that was to Mrs. Sadler's left was parked waiting for the light to change and the light changed, as testified by Mrs. Sadler, when she was about two car lengths from the intersection and driving approximately 20 miles per hour, the jury could have reasoned she failed to keep a proper lookout and failed to apply her brakes under all of these circumstances.

It is stated in Arrington v. Paschall, Tex. Civ.App., 352 S.W.2d 866 (NRE) as follows:

"Ordinarily, proper lookout is a question for the jury. Texas & Pacific Ry. Co. v. Day, (Sup.) 145 Tex. 277, 197 S.W.2d 332.

"Our Supreme Court in Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 275, clearly established the rule applicable in cases of this kind. There the Supreme Court said:

" 'In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. * * * The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same.' "

■ It is a well established rule of law that an appellate court cannot substitute its judgment for that of a jury on disputed issues of fact. Linney v. Wood, 66 Tex. 22, 17 S.W. 244; Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792; Holmes v. American General Ins. Co., Tex.Civ.App., 263 S.W.2d 615; Roach v. Continental Casualty Company, Tex.Civ.App., 336 S.W.2d 811; Brewer v. Dallas Ry. & Terminal Co., Tex. Civ.App., 247 S.W.2d 435; Flack et al. v. First Nat. Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628.

It was in the province of the jury to disregard the testimony of Mrs. Sadler and Mrs. Deviney as interested parties. It is apparent the jury did so. After carefully reviewing the record and all of the evidence, we are of the opinion the verdict is supported by the evidence and overrule appellants' assignments of error.

Judgment of the trial court is affirmed.