**Randy CRIDER, Appellant,**

v.

**Byron APPELT, et al., Appellees.**

**No. 14376.**

Court of Appeals of Texas, Austin.

May 8, 1985.

Rehearing Denied June 19, 1985.

Mason L. Terry, Terry & Terry, Austin, for appellant.

Edward Berliner, Mullen, Berliner, Mac-Innes & Redding, Austin, for appellees.

Before POWERS, EARL W. SMITH and CARROLL, JJ.

EARL W. SMITH, Justice.

Appellant, Randy Crider, and appellees, Byron and Jon Appelt, were involved in an automobile collision. Before trial, Crider

admitted that he was negligent in failing to keep a proper look-out, in passing in a no-passing zone, in passing while the roadway was not clear, and in driving under the influence of intoxicating liquor. Crider also admitted that he caused the collision. The case went to the jury on the issues of the amount of actual damages, whether Crider was grossly negligent, and, if so, the amount of punitive damages Crider should pay. The jury found the combined actual damages for the Appelts to be $9,500. The jury then found that Crider was grossly negligent and that he should pay each of the Appelts $50,000 in punitive damages (i.e., $100,000 total punitive damages). We will affirm the judgment of the trial court.

On appeal, Crider raises six points of error. Crider's points one and two complain of the trial court's allowing into evidence testimony that Crider was never criminally prosecuted for driving while intoxicated. This testimony, Crider asserts, should have been excluded under Tex.R. Evid.Ann. 403 (Supp.1985) because the probative value of the testimony "did not substantially outweigh" its prejudicial effect.

■ After counsel for the Appelts questioned Crider concerning the results of his arrest, counsel for Crider objected, and the court overruled such objection as follows:

Mr. Terry: Your honor, we're going to object at this time.

The Court: All right. On the grounds as previously stated?

Mr. Terry: Yes.

The Court: And, that objection—we've discussed it, and that would be overruled.

Though we have reviewed the record on appeal, we have not been able to discern on what grounds Crider objected to the admission of the testimony at trial. Thus, Crider has not adequately preserved his record on appeal. Tex.R.Evid.Ann. 103(a)(1) (Supp. 1985); *Walker v. Great Atlantic & Pacific Tea Co.*, 131 Tex. 57, 112 S.W.2d 170 (Tex. 1938).

■ Moreover, during opening statements, counsel for the Appelts was allowed to state, without objection:

You will also hear that Mr. Crider was, in fact, arrested for driving while intoxicated at some point in time; and you will hear further, ladies and gentlemen, that that case was dismissed against Mr. Crider, that that criminal prosecution was dismissed and that there has, in fact—in fact, [sic] been no criminal punishment or sanction for Mr. Crider.

Thus, even before the testimony about which Crider complains was admitted, the jury had been informed that Crider was never adjudicated for driving while intoxicated. Therefore, any error of the trial court in admitting the testimony was harmless. *Steinkamp v. Erwin*, 249 S.W.2d 1012 (Tex.Civ.App.1952, no writ).

■ Finally, we note that evidence of criminal convictions and penalties is admissible in punitive damages cases to mitigate, but not to bar, the award of punitive damages. *Jackson v. Wells*, 13 Tex.Civ.App. 275, 35 S.W. 528 (Tex.Civ.App.1896, writ ref'd). Logically, evidence of lack of a criminal conviction should likewise be admissible in such cases. Otherwise, the jury could very well believe that the defendant would be punished for his admitted criminal act—here, driving while intoxicated.

For all of the above reasons, Crider's points of error one and two are overruled.

In points of error three and four, Crider complains that the trial court erred in awarding the full amount of punitive damages found by the jury. Crider asserts that the amount awarded was "clearly excessive" and "the result of 'passion and prejudice.'" Further, Crider asserts that the passion was caused by the admission of the evidence complained of in his points of error one and two above.

■ Crider cites *Tynberg v. Cohen*, 76 Tex. 409, 13 S.W. 315 (Tex.1890), for the proposition that when the punitive damages are proportionately much greater than the actual damages, there is an indication that "passion rather than reason dic-

tated the verdict." The factors which courts must consider in determining whether reason or passion ruled in the award of punitive damages are: (1) The nature of the wrong; (2) the character of the conduct; (3) the degree of culpability; (4) the situation and sensibilities of the parties; and (5) the extent to which the defendant's conduct offends a public sense of justice. *Alamo National Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981).

As to the first of these considerations, Crider seems to argue that because the Appelts did not suffer huge actual damages, the punitive damages awarded should not have been so high. However, this is only one of the considerations from *Alamo*. As to the other considerations, the evidence shows: (1) That Crider was a police officer, who himself had arrested people for DWI, (2) that Crider admitted being intoxicated, (3) that Crider was familiar with the road where the collision occurred and knew that it was a very dangerous area, and (4) that Crider's blood alcohol test showed a .237% alchohol concentration. [.10% is considered intoxicated under the driving while intoxicated statute. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5 (Supp.1985)]. In a hypothetical question, in which all of the admitted negligent acts were assumed, Crider was asked his opinion of the conduct of persons who engaged in such acts. His answer was "detestable" and "awful."

■ Driving an automobile while one is intoxicated has, without question, been condemned as a reprehensible act, and who more than a police officer, who himself has arrested persons for driving while intoxicated, should know of the dangers of operating an automobile on a dangerous road at a high speed, passing in a no-passing zone, and operating a vehicle in such an extreme state of inebriation. These factors alone justify reasonable minds awarding large punitive damages even when the actual damages were not so great. (We regard the fact that the jury's award of the actual damages was reasonable, as strongly indicating that the jury was not ruled by passion in determining the punitive damages.)

Therefore, Crider's third and fourth points of error are overruled.

Crider's fifth and six points of error complain of the trial court's instruction as follows:

> You are instructed that intoxication, if any, does not lessen or reduce a person's responsibility for conduct, which if he were sober, would evince a conscious indifference to the rights, welfare or safety of the persons affected by it.

Crider asserts that this instruction was an improper comment on the weight of the evidence.

■ However, the same instruction was held not to be a comment on the weight of the evidence in *Rice v. Schiller*, 241 S.W.2d 330, 338 (Tex.Civ.App.1951), aff'd in part, *Schiller v. Rice*, 151 Tex. 116, 246 S.W.2d 607 (1952). Though Crider seems to assert that his intoxication should somehow make him less culpable, we cannot agree. Rather, his driving while intoxicated was one of the elements which the jury properly should have considered, along with Crider's other negligent acts, in determining whether Crider was grossly negligent and the amount of punitive damages to award. Moreover, even if the instruction was a comment on the weight of the evidence, such comment was incidental. Tex.R.Civ.P.Ann. 277 (Supp.1985).

Therefore, Crider's points of error five and six are overruled. The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

■ On motion for rehearing, appellant Crider takes this Court to task asserting that "in its opinion herein [this Court held] that appellant did not adequately preserve his record on appeal herein to complain of the trial court's admission of the evidence concerning the lack of a criminal conviction of appellant for driving while intoxicated." He argues that this Court should look to his motion in limine to find the basis for his objection. As we have noted, Crider's objection to the testimony during trial was, "Your honor, we're going to object at this

time," to which the court replied, "All right. On the grounds as previously stated?" Appellant's only reply was "Yes."

Appellant's argument is fallacious in two respects. First, the ruling of the trial court on appellant's motion in limine does not preserve error for appeal. In *Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex.1963), the Court held that although the overruling of a motion in limine may be error, it is never reversible error, and held further:

> If a motion in limine is overruled, a judgment will not be reversed unless the questions or evidence were in fact asked or offered. *If they were in fact asked or offered, an objection made at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal.* In neither case—(1) questions not asked or evidence not offered, or (2) questions asked or evidence offered—should the error of the trial court in overruling the motion in limine be regarded as harmful or reversible error. [emphasis added].

*See* also, the decision of this Court in *State v. Cave*, 430 S.W.2d 692 (Tex.Civ.App.1968, no writ).

Next, even if the law were as Crider suggests, that we should look at Crider's motion in limine for a properly stated ground of objection, our answer is that we have done so and find that he fails to state a reason for excluding the evidence that he was not criminally prosecuted. The pertinent paragraph of his motion merely requests that counsel for the Appelts make "no reference, comment, or question regarding the criminal proceedings against Defendant, Randy Crider...." Before this Court, on original submission, Crider asserted that the evidence in question should have been excluded under Tex.R.Evid.Ann. 403 (Supp.1985) because the probative value of the testimony "did not substantially outweigh" its prejudicial effect. No objection on that basis or any other stated reason is to be found in the motion in limine or elsewhere in the record. Under existing law, then, Crider's only objection at trial was the far too general statement, "Your honor, we're going to object at this time." Appellant argues that it is clear from the trial court's remarks that he and the trial court understood the basis of his objection —apparently, his motion in limine—to which we reply that it is not evident from the record to *what* objection the trial court was referring. Whatever it was, the trial court deemed it insufficient, as we must in the absence of a contrary showing in the record. Crider relied upon Rule 403, *supra*, before this Court. Such rule *assumes relevancy*, then states a basis for exclusion of evidence notwithstanding its relevance. We again hold that Crider did not properly preserve, at trial, any asserted error in the trial court's ruling.

Crider also argues in his motion for rehearing that we erred in holding the admission of the evidence in question, if error, was harmless. He charges that, in so holding, we regarded the opening statement (that plaintiff would prove that there had been no criminal punishment or sanction against Crider) as "evidence under oath." We did not do so. We simply pointed out, after holding that no proper objection was made to the *evidence* on such point, that Crider, without making *any* objection to the opening statement, allowed the jury to be informed that he was not adjudicated criminally for driving while intoxicated. We reasoned, then, that this rendered any error in admitting the *proof thereof in evidence* harmless, when considered with Crider's failure to properly object—and we might now add—with the fact that evidence of Crider's gross negligence was overwhelming. However, since we hold that Crider did not properly preserve his claimed error, our statement that any possible error in the ruling of the trial court is harmless is not the dispositive point of this case.

We have reviewed the other points raised in Crider's motion for rehearing and find them to be without merit.

The motion for rehearing is overruled.