**Gerald Charles BUNDICK, Appellant,**

v.

**Clara WELLER, Appellee.**

**No. 04–84–00223–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 31, 1986.

John Wennermark, San Antonio, for appellant.

W. Burl Brock, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a judgment entered against appellant, Gerald Charles Bundick, for personal injuries suffered by appellee, Clara Weller. The jury returned a verdict awarding damages in excess of 4.8 million ($4,800,000.00) dollars. After a remittitur, the court awarded one million ($1,000,000.00) dollars in actual damages and five hundred thousand ($500,000.00) dollars in exemplary damages.

Weller sued Bundick for injuries resulting from an assault by Bundick, alleging intentional and alternatively, negligent conduct on Bundick's part. The evidence at trial established that Weller was shot in the back while sitting in the living room of her house in Kirby, Bexar County, Texas. The bullet that injured Weller entered the house through an exterior wall.

Appellant was arrested the following day for driving while intoxicated. A rifle with one empty shell case was found in appellant's car. The copper bullet jacket removed from Weller's back was shown to have been fired from the rifle found in appellant's car. The driver's side-view mirror on appellant's car was shattered. A piece of mirror glass was recovered from the front yard of Weller's house, and was later matched to the mirror on appellant's car. Tire tracks in the front yard of Weller's home were in a direct line to the location where the bullet entered Weller's home.

Appellant was tried and convicted of aggravated assault with a deadly weapon for the assault upon Clara Weller. Appellant's first point of error alleges that it was error for the trial court to admit evidence concerning appellant's criminal conviction, because its probative value was far outweighed by the danger of unfair prejudice resulting from consideration of such evidence. Appellant had filed a motion in limine requesting that no reference be made to appellant's conviction.

Appellant was called as an adverse witness at trial. In response to direct examination appellant, without objection being interposed, admitted that he was currently residing at the Ellis Unit—TDC, Huntsville, Texas, and admitted that he had been convicted of the offense against Clara Weller. After appellant testified concerning evidence offered at the criminal trial, appellant's attorney objected on the grounds of immateriality. The objection was overruled and appellant testified that he did not remember anything that occurred the night Weller was shot. However, appellant recounted all the facts as they had been established at the criminal trial without further objection.

Weller, as plaintiff, then offered a certified copy of the indictment, judgment and sentence pertaining to appellant's conviction in the aggravated assault charge. Appellant objected that the exhibits were prej-

udicial, hearsay, and that their prejudicial effect outweighed their usefulness. This objection was also overruled.

TEX.R.EVID. 403 provides that:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

Evidence is relevant if it tends to establish the presence or absence, truth or falsity, of a fact. TEX.R.EVID. 401(b). Appellant argues that although the documents admitted in the criminal trial were relevant to Weller's suit, they were prejudicial because Weller's case was based wholly on circumstantial evidence; so that proof appellant was previously convicted of the assault permitted the jury to conclude that appellant was guilty of negligence or an intentional shooting without proof of the circumstances.

As indicated by Rule 403, evidence *may* be excluded if its probative value is outweighed by the negative factors set out in the rule. Thus, the admission of relevant evidence is a matter within the trial court's discretion. *Charter Medical Corp. v. Miller,* 605 S.W.2d 943 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). As such, the court's determination of admissibility is subject to reversal only for an abuse of that discretion. Generally, relevant evidence should not be excluded without "very good cause." *Davis v. Davis,* 521 S.W.2d 603, 607 (Tex.1975).

■ In determining whether the probative value of evidence outweighs its prejudicial effect, the courts apply a balancing test. *Perez v. Baker Packers,* 694 S.W.2d 138 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Evidence of a prior criminal conviction for the act made the basis of a subsequent civil law suit is generally admissible to mitigate but not to bar the award of punitive damages. *Crider v. Appelt,* 696 S.W.2d 55 (Tex.App.—Austin 1985, no writ). Furthermore, admission of the same or similar evidence prior to objec-

tion to additional evidence renders any error in admitting the cumulative evidence harmless. *Id.*

■ As noted, appellant testified to all the details concerning his conviction for the assault upon Weller. Thus appellant's testimony established the same facts as found in the records of conviction. Appellant has failed to demonstrate that admission of the documents, in light of his testimony on the identical issue, was reasonably calculated to and probably did cause rendition of an improper verdict. *Bolling v. Baker,* 671 S.W.2d 559 (Tex.App.—San Antonio 1984, writ dism'd), *cert. denied,* —— U.S. ——, 106 S.Ct. 79, 88 L.Ed.2d 64 (1985); TEX.R. CIV.P. 434.

Point of error number one is overruled.

Appellant's second point of error complains of action by the trial court in admitting into evidence the bullet jacket that was allegedly removed from Weller's back. Appellant maintains that the bullet was never properly identified as the bullet removed from Weller, and that its admission was highly prejudicial since it was shown that the bullet was fired from the rifle found in appellant's automobile.

Relevant evidence is generally admissible. TEX.R.EVID. 402. The admissibility of demonstrative evidence is also a matter within the discretion of the trial court, and a determination of admissibility will not be disturbed on appeal absent a showing of abuse. *Southern Pacific Transportation Co. v. Peralez,* 546 S.W.2d 88 (Tex.Civ.App. —Corpus Christi 1976, writ ref'd n.r.e.).

Appellant attacks the predicate laid for admission of the bullet because officer Forrest Cain, formerly of the Kirby Police Department, through whose testimony the bullet was introduced, allegedly did not establish a complete chain of custody. Thus, appellant alleges that it was not shown that the bullet introduced was the bullet recovered from Weller's back.

Officer Cain testified that he was not present when the bullet was removed from Clara Weller. He also testified that his

supervisor, Chief Allen of the Kirby Police Department, was given the bullet by EMS personnel as indicated in his investigative report. Cain testified that he received the bullet from Allen and took it to the San Antonio Police Department lab. Cain identified the bullet jacket offered at trial as the one he and Chief Allen took to the crime lab for testing. The Custodian of the Criminal Records for Bexar County also testified at trial. She established that the police records and other evidentiary items including the bullet jacket had been offered into evidence at the criminal trial and properly authenticated at that time. These reports were the basis in part for officer Cain's testimony.

 Thus there was testimony sufficiently establishing the chain of custody of the bullet jacket. The witnesses testified as to the steps followed in recovering and examining the bullet. This testimony sufficiently establishes the proper predicate for admission of the bullet jacket. *Texas Municipal Power Agency v. Berger,* 600 S.W.2d 850 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Furthermore, the sufficiency of the chain of custody established goes only to the weight of evidence and not to its admissibility. *Ballou v. Henri Studios, Inc.,* 656 F.2d 1147 (5th Cir.1981).[1]

Points of error three through six relate to jury issues number 3 and 4.

 These issues were as follows:

### ISSUE NO. 3

Do you find from a preponderance of the evidence that Gerald Charles Bundick intentionally shot into the house occupied by Eugene and Clara Weller?

### ISSUE NO. 4

Do you find from a preponderance of the evidence that Gerald Charles Bundick's action in shooting into the home occupied at the time by Eugene and Clara Weller was a heedless and reckless disregard of the rights of others affected by it?

> 'Heedless and Reckless Disregard' means more than momentary thoughtlessness, inadvertence, or error in judgment. It means such an entire want of care as to indicate that the act or omission in question was the result of conscious indifference to the rights, welfare, or safety of the persons affected by it.

The jury answered "We do" to both issues.

Point of error number three alleges error by the trial court in submitting these issues concerning intentional and heedless and reckless disregard because, it is argued, the proper issue would have concerned the intent of appellant to shoot Weller. Appellant argues that the issues submitted did not require the jury to find that appellant shot at Weller, but rather that appellant shot into the house. Thus appellant contends that in order to award damages for an assault as pled by Weller, the jury would have had to find that appellant shot at Weller and not merely at the house.

Appellant's contention is without merit. An affirmative answer to issues number 3 and 4 required the jury to find that appellant intentionally shot into a house *occupied* at the time by the Wellers, and that such action was a heedless and a reckless disregard of the rights of the Wellers. Thus the jury, by its affirmative answers to the issues, found that appellant was aware that the Wellers were in the house when he shot into it.

 Moreover, appellant did not object to the charge as submitted, nor request that a different issue be submitted. Thus, any error in the court's charge has been waived by appellant and nothing is pre-

---

1. The objection at trial was directed at an alleged failure to establish a chain of custody by the custodian of the criminal records. On appeal complaint is made that the chain of custody was not shown through the testimony of Officer Cain to sufficiently identify the bullet as the same one removed from Weller's back. The complaint on appeal, therefore, does not conform to the complaint made before the trial court. *Pullen v. Russ* 226 S.W.2d 876 (Tex.Civ. App.—Fort Worth 1950, writ ref'd n.r.e.).

served for review. *Restrepo v. Barrios*, 603 S.W.2d 377 (Tex.Civ.App.—Waco 1980, no writ). Any complaint to the jury charge not specifically objected to at trial is deemed waived. TEX.R.CIV.P. 274.

Point of error number three is overruled.

Point of error number four alleges that there was no evidence to support the jury's answers to issues number 3 and 4. Points of error five and six alternatively allege that such evidence was insufficient or against the great weight and preponderance of the evidence. Appellant attacks the sufficiency of the evidence for both the finding that appellant committed an act intentionally or recklessly, and that he was aware that there were occupants in the Weller home at the time of the shooting.

In reviewing a no evidence challenge to the sufficiency of the evidence to support a finding, we consider only the evidence and inferences which, when viewed in the light most favorable to the finding, support the verdict. *Glover v. Texas Indemnity Co.*, 619 S.W.2d 400 (Tex. 1981). If there is evidence, and such evidence constitutes more than a scintilla, the point will be overruled. When we review an insufficient evidence point we consider and weigh all of the evidence. If we determine that the finding is so against the great weight and preponderance as to be unjust we will sustain the point. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

The evidence at trial established that Clara Weller was shot in the back while sitting in the living room of her home. The bullet was discharged in the yard of the Weller's home, and entered through an exterior wall. Tire tracks were located in the Weller's yard, and bits of broken mirror glass were found near the tire tracks. The tracks and glass were located in a direct line with the bullet hole in the wall of the Weller home. The glass found in the yard was determined to match the broken side-view mirror on appellant's automobile.

The bullet retrieved from Weller's back was fired from the rifle owned by appellant and which was found in his car the day after the shooting. A spent cartridge was found in appellant's car, and appellant admitted that it would not be there unless the rifle was fired from within his car.

The evidence also established that just prior to the shooting appellant received notice to remove a trailer house he owned and kept in Kirby, Texas, because the Kirby City Council passed an ordinance prohibiting trailer homes in that city. Appellant testified that he knew who Clara Weller was and where she lived prior to the shooting, and that she was on the Kirby City Council. Appellant also testified that he had been drinking heavily on the day in question and remembered nothing that occurred. He also testified that he was upset about having to move the trailer.

Clara Weller testified that on the night she was shot the lights were on in her house. According to her testimony, two windows face the street from where the rifle was fired, and the lights were clearly visible to anyone in the yard. Thus there was evidence to suggest that the house appeared occupied at the time of the shooting.

Our examination of the record persuades us that the jury's findings are supported by sufficient evidence, and that these findings are not against the great weight and preponderance of the evidence. Although the evidence was circumstantial, it convincingly placed appellant at the scene of the shooting in possession of the rifle with which Weller was shot. The jury was free to judge the credibility of the witnesses and the evidence, and determine the truthfulness of the facts presented. *Gibson v. Bentley*, 605 S.W.2d 337 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The court of appeals may not substitute its judgment for that of the jury on disputed findings. *Deviney v. Henneman*, 366 S.W.2d 688 (Tex.Civ.App.—Amarillo 1963, no writ).

We hold that there was sufficient evidence from which the jury could determine that appellant was aware that the Wellers

were inside the house when he fired the rifle, and that such action was in reckless disregard of the rights of the Wellers.

In a civil action for an intentional shooting it is not necessary to show malice or ill will. The fact that the defendant acted without justification or with a conscious indifference to the consequences of his actions, or to the rights of others is sufficient. *Smith v. Jungkind,* 252 S.W.2d 596 (Tex.Civ.App.—Austin 1952, writ ref'd). A specific intent to injure the plaintiff need not be shown if the injury is the natural, direct and probable result of a wrongful act. *Morrow v. Flores,* 225 S.W.2d 621 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n.r.e.).

Point of errors four, five and six are overruled.

Appellant's final point of error alleges that the damage award reflects jury misconduct because it is so clearly excessive that it could only have been predicated upon sympathy for the plaintiff or prejudice against the defendant. The plaintiff's original petition sought damages in excess of 1.5 million dollars. A supplemental petition sought additional damages of 1 million dollars.

The jury returned a verdict awarding damages to Clara Weller in the amount of $2,324,000.00, and to Mr. Weller for $1,542,000.00. An additional 1 million dollars was assessed as exemplary damages. Mr. Weller was later dismissed from the lawsuit when he died and, after remittitur, the court awarded Clara Weller damages in the amount of 1 million dollars and exemplary damages in the amount of $500,000.00.

The jury was instructed that it could consider past medical expenses, past and future physical pain, mental anguish and physical impairment, and loss of earning capacity as elements of damage in determining a reasonable compensation for Clara Weller. The jury awarded damages for each element charged.

The evidence at trial established that since the shooting, Clara Weller is para-lyzed from the waist down and is confined to a wheelchair. Her arm movement is impaired and she cannot manipulate her fingers properly. She now requires the use of a catheter. According to the testimony, Weller was hospitalized for over 3 months after she was shot. She has also had follow-up surgery from complications arising during her hospital stay, and has incurred large medical expenses. Mrs. Weller testified that she now requires nursing assistance to help her get in and out of bed, bathe, cook and clean her house.

Weller also testified to her continued pain and suffering. She testified about the activities that she is no longer able to enjoy, including employment as a self-employed seamstress. Thus, evidence was offered in support of each element of damages awarded by the jury.

In cases involving personal injury damages, the jury necessarily has great discretion in fixing the amount of the damage award. *Roberts v. Tatum,* 575 S.W.2d 138 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). There is no fixed guide or rule in measuring damages, thus the amount determined by the jury is subject to correction only for abuse or excessiveness. *Landreth v. Reed,* 570 S.W.2d 486 (Tex.Civ.App.—Texarkana 1978, no writ). In determining whether a damage award is excessive, the appellate court must view the evidence and facts of the case in the light most favorable to the damage award. *Chemical Express v. Cole,* 342 S.W.2d 773 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.). The mere fact that an award is large is no indication of passion, prejudice or improper motive. *International Harvester Corp. v. Zavala,* 623 S.W.2d 699 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

The jury properly considered each element of damage as there was sufficient evidence to support an award for each element. Appellant has failed to demonstrate that the award was based on symphathy or prejudice of the jury. Thus the verdict will not be overturned for excessiveness. *Kan-*

*sas City Southern Ry. Co. v. Chaffin,* 658 S.W.2d 186 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.), *cert. denied,* — U.S. ——, 105 S.Ct. 177, 83 L.Ed.2d 112 (1984); *Cantu v. Del Carmen Pena,* 650 S.W.2d 906 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

Point of error number seven is overruled.

The judgment of the trial court is affirmed.