**In re The ESTATE OF Irene Maria H. PLOHBERGER, Deceased.**

**No. 13–87–492–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 3, 1988.

Rehearing Denied Dec. 22, 1988.

Ricardo A. Garcia, McAllen, for appellant.

Robert C. Sheline, Charles A. Carlson, III, Harlingen, for appellee.

Before NEY, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is a will contest case. Appellant, Joseph Plohberger, filed an application to probate the will of his wife, Irene Plohberger, deceased, dated November 15, 1984. Appellee, Rosemary Sparks, opposed the probate of that will and filed a will dated October 25, 1984, and a document dated November 25, 1984. The trial court, pursuant to the jury answers, admitted the October 25, 1984 will to probate. Joseph Plohberger contends by four points of error that the court erred by admitting certain evidence and by not finding that the instruments offered by Sparks were invalid as a matter of law.

By the October 25, 1984 will Irene Plohberger disposed of her estate by devising $10,000.00 to her half-sister and her half-sister's son with the residue of the estate to Rosemary and Ernie Sparks. The November 15, 1984 will revoked any prior wills and devised all the property to Joseph Plohberger. The November 25, 1984 document stated that the will made during the week of November 12, 1984, was made under force and threat. She stated in the document that she revoked that will and wanted the October, 1984 will to be her last will. Each proponent claimed that the will filed by the other proponent was executed as a result of undue influence exerted over the deceased. The jury found that only the November 15, 1984 will was executed as a result of undue influence.

By point of error one, appellant contends the trial court erred by not excluding prejudicial evidence. Specifically, he complains of statements, purportedly made by decedent, that were read to the jury stating that appellant was a Nazi during World War II, that appellant helped to exterminate Jews, that appellant's only love was money, and that decedent was more of a slave than a wife. These statements were contained in an exhibit consisting of medical records. This exhibit was admitted over appellant's objection that the statements were hearsay. After the entire set of medical records was admitted into evidence, appellee offered enlarged copies of sections of these reports to read from at trial. When that was offered, appellant objected on grounds it was hearsay. The objection was overruled and the document was admitted. As the document was read to the jury, the complained of statements were objected to on grounds that the reading of the statements was inflammatory. The trial court overruled the objection. The trial court correctly gave a limiting instruction to the jury to consider the evidence from the medical records only to determine the state of mind of the decedent and that the medical records statements by decedent were not being offered for the truth of the matter.

Relevant evidence may be excluded by the trial court if its probative value is substantially outweighed by the danger of unfair prejudice. Tex.R.Civ.Evid. 403 (Vernon Pamp.1988). In order to obtain a reversal of a judgment based on the trial court's error (regarding the admission of evidence), it must be shown that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App.P. 81(b). Admission of the same or similar evidence prior to objection to additional evidence renders any error in admitting the cumulative evidence harmless. *Bundick v. Weller*, 705 S.W.2d 777, 780 (Tex.App.—San Antonio 1986, no writ); *see also Keller Industries, Inc. v. Reeves*, 656 S.W.2d 221, 228 (Tex.App.—Austin 1983, writ ref'd n.r.e.); *Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 591 (Tex. App.—Corpus Christi 1982, writ ref'd n.r.

**450**

e.). Since the statements appellant objected to being read to the jury had previously been admitted without objection (that the statements were prejudicial and should be excluded under Rule 403), we conclude that if any error existed it was not reversible error. Appellant's first point of error is overruled.

Appellant complains by point of error number two that the October 15, 1984 will was not a valid will as a matter of law because it failed to contain the signatures of two attesting witnesses as required by section 59, Tex.Prob.Code Ann. The will is a two-page document. The first numbered page disposed of the decedent's assets and was signed by the decedent. The second-numbered page contained the attestation clause and the witnesses' signatures. There was no self-proving affidavit. Appellant contends the will is invalid because the signatures of the witnesses are on a page separate from the will. Appellant relies on the following cases: *Boren v. Boren*, 402 S.W.2d 728 (Tex.1966); *McGrew v. Bartlett*, 387 S.W.2d 702 (Tex. Civ.App.—Houston 1965, writ ref'd); *Jones v. Jones*, 630 S.W.2d 645 (Tex.Civ.App.— Dallas 1980, writ ref'd). Those cases, however, are distinguishable. They stand for the proposition that the requirement that a will be signed by the testator and two witnesses is not satisfied by the mere presence of their signatures on a self-proving affidavit. In the case before us, there is no self-proving affidavit and the signatures are on the will as required. *Tucker v. Hill*, 577 S.W.2d 321 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Appellant's second point of error is overruled.

By point of error three, appellant contends the trial court erred in not finding as a matter of law that the probated will, the October 25, 1984 will, was revoked by the will dated November 15, 1984. The appellant refers to the language in the November 15, 1984 will which states that it revokes all prior wills. However, the November 15, 1984 will could not serve to revoke the former will because the November 15, 1984 will was determined to be void for undue influence. *Abbott v. Foy*, 662

S.W.2d 629, 631 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Rich v. Rich*, 615 S.W.2d 795, 799 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Appellant's third point of error is overruled.

Finally, appellant contends that the trial court erred in not finding as a matter of law that the document dated November 25, 1984, was not a valid will or codicil because it failed to express a testamentary intent. Even if the court had erred in this respect, it would not cause reversible error. The trial court admitted the October 25, 1984 will to probate. Even if the November 25, 1984 document had been ruled invalid as a codicil or will, the disposition of the case would not be affected. The earlier October 25, 1984 will was not revoked by any subsequent valid will and would still be a valid will. Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.