Heather HARRIS, Appellant,

v.

Consuelo BALDERAS, Octavio Balderas and Marta Balderas Ruiz, Appellees.

No. 04–96–00299–CV.

Court of Appeals of Texas, San Antonio.

June 4, 1997.

Rehearing Overruled July 7, 1997.

Rick Fancher, Ronnie Ammann, Vaughan E. Waters, Thornton, Summers, Biechlin, Dunham & Brown, L.C., Corpus Christi, for Appellant.

Joe Frank Garza, Alice, Pamela G. Matthews, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, Gaston M. Broyles, Jr., Broyles & Pratt, P.C., Corpus Christi, William J. Tinning, Law Offices of William J. Tinning, Portland, Timothy Patton, Pozza & Patton, San Antonio, for Appellees.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

## OPINION

LOPEZ, Justice.

This appeal arises from a jury's award of damages in a personal injury suit. While appellant, Heather Harris, brings this appeal as to all three plaintiffs, she raises two points of error regarding the award of damages to Consuelo Balderas only. Appellant alleges that (1) the evidence is factually insufficient to support the jury's award of damages to Consuelo Balderas and (2) the jury's award of damages to Consuelo Balderas is excessive. We affirm the judgment of the trial court.

On or about August 6, 1994, appellant failed to comply with a stop sign at the intersection of Farm Road 2444 and Highway 286 in Brooks County. Appellant's vehicle struck appellees' vehicle injuring Marta Balderas Ruiz, the driver, Octavio Balderas, passenger and Marta's father, and Consuelo Balderas, passenger and Marta's mother. Appellees sued appellant for injuries suffered in the accident. Appellant admits fault and the only questions submitted to the jury concerned damages. The jury awarded Marta Balderas Ruiz the principal sum of one hundred fifty thousand dollars, Octavio Balderas the sum of three hundred thousand dollars,

and Consuelo Balderas the sum of four million dollars.

Although appellant raises a separate point of error alleging that the evidence is factually insufficient to support the jury award of damages to Consuelo Balderas, appellant only argues in her brief that the damage award was excessive. Regardless of whether appellant intended to raise factual sufficiency as a separate point of error, our review of a damage award necessarily includes a factual sufficiency review. Therefore we address both points of error together.

■■■ On appeal, we review points of error alleging excessive damages by applying a factual sufficiency analysis. *Rose v. Doctors Hosp.*, 801 S.W.2d 841, 847–48 (Tex.1990); *Pope v. Moore*, 711 S.W.2d 622, 624 (Tex. 1986). To resolve a question of factual sufficiency, we examine all the evidence and reverses the verdict only if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pope*, 711 S.W.2d at 624; *Carr v. Jaffe Aircraft Corp.*, 884 S.W.2d 797, 799 (Tex.App.— San Antonio 1994, no writ).

■■■ In assessing personal injury damages, we note that courts should use great restraint in overturning a jury verdict on sufficiency of the evidence. *Carr*, 884 S.W.2d at 800. The jury necessarily has great discretion in fixing the amount of the damage award. *Bundick v. Weller*, 705 S.W.2d 777, 783 (Tex.App.—San Antonio 1986, no writ), *citing Roberts v. Tatum*, 575 S.W.2d 138 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). This court recognizes a duty to "exercise sound judicial judgment and discretion in the ascertainment of what constitutes reasonable compensation for the injuries suffered." *Baptist Memorial Hosp. System v. Smith*, 822 S.W.2d 67, 79 (Tex. App.—San Antonio 1991, writ denied). This court further held that:

> There is no certain standard by which personal injury damages can be measured, and each case must stand on its own facts and circumstances, and a comparison with other cases on amounts of verdicts are of little or no help.

*Id. citing Caterpillar Tractor Co. v. Boyett*, 674 S.W.2d 782, 790 (Tex.App.—Corpus Christi 1984, no writ). However, the supreme court held that "juries cannot simply pick a number and put it in the blank." *Saenz v. Fidelity & Guaranty Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex.1996). When determining damages for mental anguish, the supreme court requires either direct evidence of the nature, duration, or severity of the plaintiff's anguish, establishing a substantial disruption in the plaintiff's daily routine or a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex.1995); *see also Saenz v. Fidelity & Guaranty Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex.1996).

■■ In the present case, it is undisputed that Consuelo Balderas suffered serious injuries. A review of the evidence illustrates that appellant, a registered nurse with experience in patients who suffer brain trauma, testified that at the scene of the accident the emergency medical technician used bulb syringes to suck the blood out of Consuelo's nose and mouth. The technician had to strap Consuelo to a backboard because of violent seizures described by appellant as "not like any seizure I have seen." Appellant further testified to the amount of pain and suffering Consuelo Balderas must have felt at the scene of the accident.

At the hospital, a neurosurgeon diagnosed Consuelo with a large blood clot in the frontal area of the brain. To remove the clot, the doctor removed a piece of Consuelo's skull because of a fear of infection. A hole between one and one and a half inches remains in Consuelo's skull where the bone has not been replaced. After surgery, Consuelo remained in a coma for several weeks and remained hospitalized for approximately two months. Consuelo underwent extensive physical, speech, and occupational therapy.

A review of the record illustrates that the jury had direct evidence "of the nature, duration, or severity" of Consuelo Balderas's anguish that creates a substantial disruption in her daily routine. Consuelo lost part of her memory because of severe brain damage

and does not remember significant life events from one moment to the next. Consuelo must use a walker or wheelchair. Consuelo must be reminded when to eat and when to stop eating. Testimony also illustrated that Consuelo needs assistance bathing, using the lavatory, and clothing herself. In general, Consuelo can no longer cook, clean, or socialize with friends as she did prior to the accident. We find sufficient evidence of a substantial disruption in the plaintiff's daily routine to support the jury's award of damages.

We overrule appellant's points of error and affirm the judgment of the trial court as to all appellants.